BOWEN, Judge.
John Houston Clemmons, Jr., and Gerald Henson were convicted in the municipal court for the City of Muscle Shoals of driving under the influence of alcohol. Each was fined $250 and was ordered to attend DUI school. Each defendant then appealed to the circuit court for trial de novo. Following plea agreements, the defendants entered guilty pleas to DUI and received the same sentences as imposed on them in municipal court. Because both defendants raise the same issue on appeal, we have chosen to address it in a single opinion.
Clemmons and Henson claim that their guilty pleas in circuit court were invalid because they were not preceded by the colloquy mandated in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We disagree. We hold that a Boy-kin colloquy is not required prior to the entry of a plea to a petty offense for which no sentence of imprisonment will be imposed. This holding is based on the particular facts and language of Boykin itself, the later case of Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), guidance derived from the Rules of Procedure for the Trial of Misdemeanors before United States Magistrates, and our own proposed Alabama Rules of Criminal Procedure.
In Boykin, the accused pleaded guilty to five indictments for robbery and received the death penalty. At arraignment, “so far as the record show[ed], the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court.” Boykin, 395 U.S. at 239, 89 S.Ct. at 1710. The Supreme Court held that “[i]t was error, plain on the face of the record, for the trial judge to accept petitioner’s plea without an affirmative showing that it was intelligent and voluntary.” Boykin, 395 U.S. at 242, 89 S.Ct. at 1711. The Court noted that in another context, specifically that of the Sixth Amendment right to counsel, it had held that
“Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.”
Boykin, 395 U.S. at 242, 89 S.Ct. at 1711 (quoting Carnley v. Cochran, 369 U.S. 506, *684 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962)). The Court decided that “the same standard must be applied to determining whether a guilty plea is voluntarily made.” Boykin, 395 U.S. at 242, 89 S.Ct. at 1711. Then the Court outlined the rights (which have since become known as the “Boykin colloquy”) which the record must affirmatively show have been waived in a guilty plea proceeding.
The following passage concluding the Court’s opinion, however, indicates that the Boykin colloquy is mandated for guilty pleas to the most serious of offenses precisely because they entail a severe loss of liberty:
“What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought, and forestalls the spin-off of collateral proceedings that seek to probe murky memories.”
Boykin, 395 U.S. at 243-44, 89 S.Ct. at 1712-13 (emphasis added and citation omitted). Boykin itself is therefore authority for the proposition that when what is at stake for one charged with a petty offense is not imprisonment, the full panoply of rights attendant to a felony plea does not attach. Compare Meachum v. Fano, 427 U.S. 215, 223-24, 96 S.Ct. 2532, 2537-38, 49 L.Ed.2d 451 (1976) (due process protections not triggered unless loss of liberty is at stake).
There is an additional reason for the inapplicability of Boykin per se to petty offenses. One of the Boykin rights of which an accused must be apprised is the right to trial by jury. Boykin, 395 U.S. at 243, 89 S.Ct. at 1712. “It has long been settled ‘that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.’ ” Blanton v. City of North Las Vegas, 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989) (no Sixth Amendment right to trial by jury under Nevada law for first offense of DUI). See generally Duncan v. Louisiana, 391 U.S. 145, 159, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491 (1968); District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937). It would therefore be anomalous to inform one charged with a petty offense of the Boykin rights when he most probably is not entitled to at least one, and possibly more, of them.
Ten years after Boykin, the Court held in Scott v. Illinois, supra, that “actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment ... and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel.” Scott, 440 U.S. at 373, 99 S.Ct. at 1161-62. Since the Court used a Sixth Amendment right to counsel analogy to determine whether a waiver had been shown in Boykin (“Presuming waiver from a silent record is impermissible”), it is logical to use a Sixth Amendment right to counsel analogy (“actual imprisonment”) to determine whether Boykin applies in the first place. Thus, an accused who will not be sentenced to actual imprisonment for a petty offense has neither the constitutional right to counsel nor the constitutional right to be apprised of the rights enumerated in Boykin.
Rule 11 of the Federal Rules of Criminal Procedure, which incorporates in a procedural rule what the Boykin Court later required as a matter of constitutional law, is not applicable to a guilty plea “to a petty offense for which no sentence of imprisonment will be imposed.” See Rule 3(b), Rules of Procedure for the Trial of Misdemeanors before United States Magistrates (Advisory Committee Notes at 615-618):
“[Tjhese rules employ the standard adopted by the Supreme Court for determining when appointment of counsel is constitutionally required. Scott v. Illinois, 99 S.Ct. 1158, 440 U.S. 367, 59 L.Ed.2d 383 (1979).... As with Scott, the ‘imprisonment will be imposed’ test in these rules, as defined in subdivision (c), presents the difficulty that the distinction being made refers to an event *685 which has not yet occurred — sentencing. However, in most cases it will be apparent from the nature of the charge or other circumstances, readily ascertainable by inquiry of the U.S. Attorney or law enforcement officer or otherwise, whether imprisonment (if authorized by statute for the offense charged) is a realistic possibility. If it is, the safer course of action is full compliance with the Federal Rules of Criminal Procedure, as only then will it be possible to sentence to imprisonment if it later appears that such a sentence would be appropriate in the particular case.”
Advisory Committee Notes at 616.
Likewise, Rule 14.4 of our own proposed Alabama Rules of Criminal Procedure, entitled “Acceptance of Guilty Plea,” mandates a Boykin-type colloquy “[e]xcept in minor misdemeanor cases.” “Minor misdemean- or” is defined in proposed Rule 1.4(r) as “a misdemeanor offense or municipal ordinance violation for which the defendant will not likely be punished by a sentence of imprisonment.”
Based on the foregoing authorities, we conclude that the mandate of Boykin v. Alabama does not apply to those minor offenses for which the accused will not be sentenced to a term of imprisonment. In so holding, we note that although a Boykin colloquy per se is not required prior to the entry of a plea to a minor misdemeanor, it is not clear what, if any, information should be conveyed to the accused or understanding ascertained from him during such proceedings. Compare Rule 3(b), Rules of Procedure for the Trial of Misdemeanors before United States Magistrates (“No plea of guilty ... to a petty offense for which no sentence of imprisonment will be imposed shall be accepted unless the magistrate is satisfied that the defendant understands the nature of the charge and the maximum possible penalty provided by law.”). (Emphasis added.)
The proposed Alabama Rules of Criminal Procedure exclude “minor misdemeanors” from the operation of Rule 14.4, but they do not elsewhere outline a procedure for the taking of such pleas. We urge the Alabama Supreme Court, prior to the adoption of the proposed rules, to fill this gap in procedure.
The judgments of conviction are affirmed.
AFFIRMED.
All the Judges concur.